ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 06 2013
at ____ o'clock and ____ min. ____M.
SUE BEITIA, CLERK

Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

| | |
|---|---|
| JAMES C. McWHINNIE | 3326-0 |
| jcm@hawaiilawyer.com | |
| MARK M. MURAKAMI | 7342-0 |
| mmm@hawaiilawyer.com | |
| MATTHEW T. EVANS | 9002-0 |

mte@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, Hawai`i 96813
Telephone: (808) 531-8031
Facsimile: (808) 533-2242
http://www.hawaiilawyer.com

Attorneys for Plaintiff
  BENNETT V. YORK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BENNETT V. YORK, ) | CIV. NO. 13-00311 DKW-RLP |
| ) | |
| Plaintiff, ) | **FIRST AMENDED** |
| ) | **COMPLAINT; SUMMONS** |
| vs. ) | |
| ) | |
| BRUCE JORDAN; KATHLEEN ) | |
| JORDAN; DOE DEFENDANTS 1-10,) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

217995.2

## FIRST AMENDED COMPLAINT

Plaintiff BENNETT V. YORK ("Plaintiff" or "Dr. York"), by and through his attorneys, Damon Key Leong Kupchak Hastert, and for causes of action against Defendants BRUCE JORDAN ("Mr. Jordan") and KATHLEEN JORDAN ("Mrs. Jordan") (collectively "Defendants"), alleges and avers as follows:

### PARTIES

1.     Plaintiff is and was at all times relevant herein a citizen and resident of the State of Mississippi.

2.     Upon information and belief, Defendants are and were at all times relevant herein citizens and residents of the State of California.  Upon information and belief, Mr. Jordan and Mrs. Jordan are, and at all relative times have been, husband and wife, respectively.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred in this District, and each of the Defendants is subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

5.      ALOHA/KING, LLC ("Aloha/King") is and was at all times relevant herein a Mississippi limited liability company that was formed on or about July 31, 2004, in order to, among other things, engage in the acquisition, construction, development, improvement, ownership, lease, management, operation and sale of certain real property located at 1524 King Street in Honolulu, Hawai`i.

6.      At all times relevant herein, Plaintiff was a member of Aloha/King.

7.      At all times relevant herein, ALOHA ISLAND-KING, LLC ("AIK"), a California limited liability company, also was a member of Aloha/King.

8.      At all times relevant herein, Mr. Jordan was a part owner and managing member of AIK.  Mrs. Jordan was also a part owner and member of AIK.

9.      Doe Defendants 1-10 are sued herein under fictitious names for the reason that their true names, capacities and responsibilities are presently unknown to Plaintiff despite diligent, good faith efforts to ascertain such identifying information, but on information and belief they are persons, entities,

governmental agencies, and/or partnerships who are or were in some manner

presently unknown to Plaintiff engaged in the activities alleged herein; and/or are

in some manner responsible for the injuries and damages to Plaintiff; and/or are

persons who failed to fulfill a duty or obligation, which action, conduct, error or

omission was the proximate cause of injuries or damages to Plaintiff; and/or were

in some manner related to the party or parties that engaged in the activities alleged

herein.  Plaintiff will seek leave to amend this First Amended Complaint when the

true names and capacities of the Doe Defendants have been ascertained.

      10.    Through their respective interests in and involvement with

Aloha/King, Plaintiff and Defendants participated with Aloha/King in the

construction and development of a self-storage facility at the subject property

owned by Aloha/King.

      11.    On or about July 25, 2006, Plaintiff's representative, Elizabeth

L. Broome, CPA ("Ms. Broome"), sent an email communication to Defendants

confirming an agreement had been reached regarding additional capital

contributions, which had been made and were to be made by Plaintiff to

Aloha/King in connection with certain construction overruns.  Specifically, Ms.

Broome wrote:  "We understand now from our telephone conversation and from

[Mrs. Jordan's] email that [AIK] has now consented to a call by [Aloha/King] for a

$1.1M Construction Overrun Additional Capital Contribution to meet [Bank of

Hawaii's] equity requirement.  You advised [AIK] is not able at this time to

contribute any of the required equity.  [AIK] has agreed that any additional capital

contributed to [Aloha/King] by Dr. York will be an Unmatched Construction

Overrun Additional Capital Contribution ("Unmatched COACC"), unless [AIK] is

able in the future to match any contribution by Dr. York.  [Mr. Jordan] has agreed

to personally guarantee repayment to Dr. York of 1/2 of any Unmatched COACC

by Dr. York, but is not willing to provide any other security for that agreement."

12.     On or about July 25, 2006, Mrs. Jordan confirmed in writing

her and Mr. Jordan's agreement with Ms. Broome's aforementioned email.

13.     On or about July 25, 2006, Mr. Jordan, or a representative of

Mr. Jordan, also provided for Plaintiff's consideration a copy of Mr. Jordan's

personal financial statement as of July 2006.

14.     In that connection, on or about September 20, 2006, Mr. Jordan

signed, executed, and delivered to Plaintiff a written Guaranty ("Guaranty"),

whereby Mr. Jordan, as guarantor, agreed to "absolutely, irrevocably, and

unconditionally" guarantee repayment to Plaintiff of one-half (1/2) of any

"Unmatched Construction Overrun Additional Capital Contributions"

("Unmatched COACC") made by Plaintiff to Aloha/King.

15.     The Guaranty was made in favor of Plaintiff as consideration

for, and as an inducement to, Plaintiff's contributing such Unmatched COACC to

Aloha/King.

16.    Prior to execution of the Guaranty, Plaintiff also advised Defendants that Plaintiff would not contribute any additional funds unless Mr. Jordan executed the Guaranty, including, among other things, Unmatched COACC as well as any contributions relating to the operation of Aloha/King's self-storage facility.

17.    As members and part owners of AIK, which in turn was a member of Aloha/King, Defendants were directly and/or indirectly interested in and benefited by Plaintiff's Unmatched COACC made to Aloha/King.

18.    Under the Guaranty, the guaranteed payment from Mr. Jordan to Plaintiff was to be made no later than the earliest to occur of the following events (a "Trigger Date"):  (a) a refinancing of the existing loan by Bank of Hawaii to Aloha/King (the "Loan"), (b) the sale or other disposition of the subject property by Aloha/King, or (c) the present maturity date of the existing Loan.

19.    In the Guaranty, Mr. Jordan acknowledged and agreed that, as of September 20, 2006, Plaintiff had already contributed to Aloha/King $234,287.02 in Unmatched COACC, and further agreed said sum was intended to be included in the amounts guaranteed under the Guaranty.

20.    The Guaranty further provides:  "[Mr. Jordan] acknowledges and agrees that if [Plaintiff] has not been repaid all Unmatched COACC heretofore

or hereafter made by [Plaintiff] to [Aloha/King] on or before the Trigger Date,

[Mr. Jordan] will pay to [Plaintiff] one-half (1/2) of all Unmatched COACC which

then remain unpaid."

21.    The Guaranty further provides: "[Mr. Jordan] represents and

warrants that [he] has investigated fully the benefits and advantages which will be

derived by [him] from execution of the Guaranty, and [Mr. Jordan] has determined

that a direct or indirect benefit will accrue to [him], in his capacity as a member of

[AIK], a member of [Aloha/King]."

22.    The Guaranty further provides: "[Mr. Jordan] waives diligence,

presentment, protest, notice of dishonor, demand for payment, notice of acceptance

of this Guaranty, notice of extensions of credit to [Aloha/King] or [Mr. Jordan],

nonpayment at maturity and indulgences and notices of every kind, as well as all

defenses based on suretyship or impairment of collateral."

23.    The Guaranty further provides: "[Mr. Jordan] consents to and

agrees that the obligations of [Mr. Jordan] shall not be released, impaired or

otherwise affected by any cause until the entire Indebtedness shall have been fully

paid by [Aloha/King] to [Plaintiff], it being the intention hereof that [Mr. Jordan]

shall remain liable for the payment by [Aloha/King] to [Plaintiff] of the

Indebtedness until the entire Indebtedness shall have been fully paid by

[Aloha/King] to [Plaintiff]."

24.     Plaintiff has contributed to Aloha/King, but not been repaid, a total outstanding sum of $1,596,520.60 in Unmatched COACC.

25.     Under the Guaranty, Mr. Jordan is absolutely, irrevocably, and unconditionally obligated to pay Plaintiff one-half (1/2) of the outstanding Unmatched COACC, or $798,260.30.

26.     Mr. Jordan is in breach of the terms of the Guaranty, as he has failed to pay Plaintiff the sums due and owing thereunder.

27.     In discussions with Plaintiff during June or July 2013, Mr. Jordan claimed he is not liable under the Guaranty since he allegedly did not execute the Guaranty.  Instead, Mr. Jordan claimed Mrs. Jordan signed his name on the Guaranty.

28.     Upon information and belief, Mrs. Jordan signed Mr. Jordan's name on the Guaranty.

## COUNT I
### (Breach of Guaranty – Mr. Jordan)

29.     The foregoing allegations are incorporated by reference.

30.     Mr. Jordan executed and delivered to Plaintiff the Guaranty, under which Mr. Jordan absolutely, irrevocably, and unconditionally guaranteed to repay Plaintiff one-half (1/2) of any and all Unmatched COACC made by Plaintiff to Aloha/King.

31.     Mr. Jordan's execution of the Guaranty was a material

inducement for Plaintiff's payment and contribution of Unmatched COACC to Aloha/King, and Plaintiff would not have made any such payments and contributions without Mr. Jordan's execution of the Guaranty.

32.    Upon information and belief, Mr. Jordan's primary objective in making the Guaranty was to secure a direct and personal benefit for himself by inducing Plaintiff to pay and contribute Unmatched COACC.

33.    Plaintiff has contributed to Aloha/King, but not been repaid, a total outstanding sum of $1,596,520.60 in Unmatched COACC.

34.    Under the Guaranty, Mr. Jordan is absolutely, irrevocably, and unconditionally obligated to pay Plaintiff one-half (1/2) of the outstanding Unmatched COACC, or $798,260.30, which sum is now due and owing from Mr. Jordan.

35.    Mr. Jordan has breached of the terms of the Guaranty, as he has failed to pay Plaintiff the sums due and owing thereunder.

36.    Plaintiff has suffered damages as a result of Mr. Jordan's breach of the Guaranty and is entitled to recover damages from Mr. Jordan in an amount to be proven at trial.

37.    Plaintiff is also entitled to recover his reasonable attorneys' fees and costs incurred herein.

## COUNT II
## (Fraud – Mrs. Jordan)

38.   The foregoing allegations are incorporated by reference.

39.   Mrs. Jordan falsely represented to Plaintiff that Mr. Jordan had agreed to personally guarantee repayment to Plaintiff one-half of any Unmatched COACC made by Plaintiff to Aloha/King.

40.   Mrs. Jordan falsely represented to Plaintiff that Mr. Jordan executed the Guaranty when, instead, Mrs. Jordan forged Mr. Jordan's signature on said Guaranty.

41.   These representations were false when Mrs. Jordan made them, and Mrs. Jordan made these representations with knowledge of their falsity or without knowledge of their truth or falsity.

42.   Mrs. Jordan made these false representations to Plaintiff in contemplation of Plaintiff's reliance thereon and with the intent and for the purpose of deceiving Plaintiff in order to induce such reliance.

43.   Plaintiff did justifiably rely to his detriment on these false representations by, among other things, contributing to Aloha/King at least $1,596,520.60 in Unmatched COACC with the justifiable understanding and belief that Mr. Jordan had agreed to be liable for one-half of said Unmatched COACC, pursuant to the Guaranty.

44.   Plaintiff further justifiably relied to his detriment on Mrs.

Jordan's false representations by, among other things, making other and further contributions to Aloha/King, including contributions relating to the operation of Aloha/King's self-storage facility, in excess of an additional $1 million beyond the Unmatched COACC.

45.     Plaintiff's reliance on Mrs. Jordan's false representations was reasonable under the circumstances.

46.     As a direct and proximate result of Mrs. Jordan's fraudulent conduct as described above, Plaintiff has suffered substantial pecuniary damage in an amount to be proven at trial.

47.     Plaintiff is entitled to be placed into the position he would have been had he not been defrauded by Mrs. Jordan.

## COUNT III
### (Punitive Damages – Mrs. Jordan)

48.     The foregoing allegations are incorporated by reference.

49.     Mrs. Jordan's actions in connection with the above were willful, wanton, reckless, malicious, and/or conducted with a conscious indifference to consequences, so as to entitle Plaintiff to an award of punitive damages against Mrs. Jordan in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

A.     That judgment be entered in favor of Plaintiff and against

Defendants in connection with the counts asserted against each of them;

B. That Plaintiff be awarded general and special damages in an amount to be proven at trial;

C. That Plaintiff be awarded punitive damages against Mrs. Jordan in an amount to be proven at trial;

D. That Plaintiff be awarded pre-judgment and post-judgment interest to the extent allowed under the Guaranty and/or any applicable law;

E. That Plaintiff be awarded his costs, expenses, and reasonable attorneys' fees to the extent provided for by agreement or law; and

F. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawai`i, September 6, 2013.

DAMON KEY LEONG KUPCHAK HASTERT


_____

JAMES C. McWHINNIE
MARK M. MURAKAMI
MATTHEW T. EVANS

Attorneys for Plaintiff
BENNETT V. YORK