IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BENNETT V. YORK, | CIVIL NO. 13-00311 DKW/RLP |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE TO TRANSFER VENUE** |
| vs. | |
| BRUCE JORDAN; KATHLEEN JORDAN; DOE DEFENDANTS 1-10, | |
| Defendants. | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE TO TRANSFER VENUE**

**INTRODUCTION**

Before the Court is Defendants Bruce Jordan and Kathleen Jordan's

Motion to Dismiss for Lack of Jurisdiction, or in the Alternative to Transfer Venue

("Motion"), filed on September 16, 2013.   Plaintiff Bennett V. York opposed the

Motion.   Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.   After careful consideration of the supporting and

opposing memoranda, and the relevant legal authority, the Motion is hereby

DENIED.

1

## BACKGROUND

Plaintiff, a citizen of Mississippi, filed a First Amended Complaint against Defendants, citizens of California, on September 6, 2013, alleging state law claims for breach of contract and fraud.   The First Amended Complaint asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and that venue is proper under 28 U.S.C. § 1391(b).   First Amended Complaint ("FAC") ¶¶ 1-4. Plaintiff was a member of Aloha/King, LLC ("Aloha/King"), a Mississippi limited liability company formed on July 31, 2004 to develop real property located at 1524 King Street, Honolulu, Hawai'i (the "Property").   Aloha Island-King, LLC ("Aloha Island-King"), a California limited liability company, was also a member of Aloha/King.   Defendants were each part owners of Aloha Island-King; Mr. Jordan was its managing member.   FAC ¶¶ 5-8.

Under the terms of the Limited Liability Company Agreement of Aloha/King, entered into on July 31, 2004 ("LLC Agreement"), Aloha/King's general purpose was to acquire and develop the Property for a self-storage facility. Ex. A (LLC Agreement).   Pursuant to the LLC Agreement, each member agreed to contribute specified amounts of capital, including initial contributions, as well as Additional Capital Contributions, Operational Additional Capital Contributions,

Construction Overrun Additional Capital Contributions, and Unmatched

Construction Overrun Additional Capital Contributions ("COACC").   Ex. A at 4-5.

On September 26, 2006, Mr. Jordan executed a personal guarantee for

one-half of Plaintiff's Unmatched COACC to Aloha/King ("Guaranty").   FAC

¶ 14; Ex. C (Guaranty).   Under the Guaranty, Mr. Jordan agreed that if Plaintiff had

not been repaid all Unmatched COACC on or before a defined Trigger Date, Mr.

Jordan would pay Plaintiff one-half of all Unmatched COACC which then remained

unpaid.   Ex. C.   Plaintiff alleges that he has not been repaid a total of

$1,596,520.60 in Unmatched COACC, and that Mr. Jordan breached the Guaranty

by failing to pay Plaintiff one-half of the outstanding Unmatched COACC, or

$798,260.30.   FAC ¶¶ 24-26.   According to Plaintiff, Mr. Jordan now claims that

he is not liable under the Guaranty because he did not execute it; rather, Mrs. Jordan

signed his name on the Guaranty.   FAC ¶¶ 27-28.   Plaintiff alleges that Mr. Jordan

breached the Guaranty (Count I) and that Mrs. Jordan committed fraud by forging

Mr. Jordan's name on the Guaranty (Count II).

Defendants move for dismissal, claiming that Plaintiff is contractually

bound to submit his claims to arbitration.   Defendants alternatively contend that

transfer of this action to the Central District of California is appropriate because

venue does not lie in this district.   For the reasons set forth below, neither

contention has merit.

## STANDARD OF REVIEW

Defendants bring the Motion pursuant to Federal Rule of Civil

Procedure 12(b)(3).   Rule 12(b)(3) provides that a court may dismiss a claim for

improper venue.   Once venue is challenged, the plaintiff has the burden of proving

that venue is proper in this district.   *See Piedmont Label Co. v. Sun Garden Packing*

*Co.*, 598 F.2d 491, 496 (9th Cir. 1979).   In considering a Rule 12(b)(3) motion, the

Court may consider facts outside the pleadings and need not accept the pleadings as

true.   *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir.

2005).   If there are contested factual issues, the Court is obligated to draw all

reasonable inferences and resolve the factual conflicts in favor of the non-moving

party or hold a pre-trial evidentiary hearing on the disputed facts.   *Murphy v.*

*Schneider Nat'l, Inc*., 362 F.3d 1133, 1138-39 (9th Cir. 2004).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in

which is filed a case laying venue in the wrong division or district shall dismiss, or if

it be in the interest of justice, transfer such case to any district or division in which it

could have been brought."   The court has discretion in determining whether to

transfer or dismiss an action for improper venue.   *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## DISCUSSION

The Court addresses Defendants' arguments regarding mandatory arbitration, personal jurisdiction and venue in turn.

## I.   Arbitration

Defendants first argue that jurisdiction before this Court is improper because Plaintiff is contractually bound to submit his claims to arbitration. Defendants point to the LLC Agreement's arbitration clause mandating arbitration "in the event of any dispute between or among the Members arising out of or relating to this Agreement or any document or instrument delivered pursuant to this Agreement[.]"   Ex. A. at 20.   The LLC Agreement also contains the following Notice:

> BY SIGNING THIS AGREEMENT, YOU ARE AGREEING
> TO HAVE ANY DISPUTE ARISING [SIC] OF THE
> MATTERS INCLUDED IN THE "ARBITRATION OF
> DISPUTES" PROVISION DECIDED BY ARBITRATION
> BEFORE A SINGLE NEUTRAL ARBITRATOR AND YOU
> ARE GIVING UP ANY AND ALL RIGHTS YOU MIGHT
> POSSESS TO HAVE THE DISPUTE LITIGATED IN A
> COURT OR JURY TRIAL.

Ex. A at 21.   The LLC Agreement is signed by its members, including Plaintiff individually, and Aloha Island-King by its Managing Member, Mr. Jordan.   *Id.* at 23.

Unlike the LLC Agreement, the Guaranty that Mr. Jordan allegedly breached does not contain an arbitration clause.   It contains a choice of law provision, indicating that the "Guaranty shall be construed in accordance with the laws of the State of Hawaii."   Ex. C at 1.   The Guaranty also contains the following merger clause: "This Guaranty constitutes the complete agreement between the Guarantor and [Plaintiff] with respect to the subject matter of this Guaranty.   This Guaranty may not be modified or amended except by a written agreement executed by the Guarantor and [Plaintiff]."   *Id.*   The Guaranty is signed by Mr. Jordan in his personal capacity.   *Id.* at 2.

The Court concludes that the LLC Agreement does not require the arbitration of disputes relating solely to the Guaranty.   In order to determine whether to compel arbitration, the Court applies the following analysis:

> Under the first prong, the court should determine whether the parties have agreed to arbitrate the dispute.   In order to determine if the parties have agreed to arbitrate the dispute, two considerations are taken into account: "(1) whether there is a valid arbitration agreement and (2) whether the parties' dispute is within the scope of the arbitration agreement."   If the court determines that the parties did in fact agree to arbitrate their

> dispute, the second prong is applied.   The United States
> Supreme Court has instructed that the second prong is "whether
> legal constraints external to the parties' agreement foreclosed
> arbitration of those claims."

*Driver Pipeline Co., Inc. v. Williams Transport, LLC*, 104 So.3d 845, 849 (Miss.

2012) (quoting *Rogers-Dabbs Chevrolet–Hummer, Inc. v. Blakeney*, 950 So.2d 170,

173 (Miss. 2007)) (internal citations omitted).[1]

With respect to the first prong, the unambiguous terms of the LLC

Agreement's arbitration provision apply only to disputes "between or among

Members" of Aloha/King.   Ex. A at 20.   There is no dispute that Mr. Jordan is not a

member of Aloha/King; he is the Managing Member of Aloha Island-King, which in

turn, is a member of Aloha/King.   Because Mr. Jordan signed the Guaranty in his

personal capacity and because he is not a member of Aloha/King, the instant dispute

relating to the Guaranty is not "between or among members" of Aloha/King.

Rather, the dispute is between one member of Aloha/King (Plaintiff) and two

non-members (Mr. and Mrs. Jordan).   The parties could have included an

arbitration clause in the Guaranty or specifically incorporated the arbitration

---

[1]The LLC Agreement is government by the laws of Mississippi.   Ex. A at 22.

provision from the LLC Agreement into the Guaranty. Based on the LLC

Agreement, it is clear they knew how. They, however, did neither.

Because the Court finds that Defendants fail to satisfy the first prong, it

does not address whether legal constraints external to the parties' agreement

foreclosed arbitration of those claims. To the extent the Motion argues that the

Court is without jurisdiction to hear the instant dispute because Plaintiff's claims

must be submitted to arbitration, the Motion is DENIED.

## II.    Personal Jurisdiction

Before addressing the venue challenge, the Court notes that, although

Defendants brought their Motion pursuant to Rule 12(b)(3), they also make

undeveloped statements in their briefs that the Court is without personal jurisdiction

over them. *See, e.g.,* Mem. in Supp. at 4 ("[T]his case should be dismissed for lack

of personal jurisdiction and/or transferred to the Central District of California

(Southern Division) because venue in Hawai'i is improper."). Although

Defendants did not explicitly move on these grounds, the Court nevertheless

concludes that they have submitted to its jurisdiction. As set forth in Plaintiff's

opposition brief, the parties have been engaged in long-term property development

and corresponding disputes in Hawai'i. For example, Plaintiff and Defendants

participated in the acquisition and development of three multi-million dollar real

estate projects in Hawai'i beginning in 2004.    As part of those projects, Plaintiff and Defendants signed various financing instruments with Hawai'i-based lenders, conveyance documents, and other agreements relating to the construction and development of the three projects.    Mr. Jordan also acted as developer, architect and project manager for each of the projects.    When disputes arose with the lender, Defendants signed settlement agreements relating to the Property.    *See* York Decl. ¶¶ 6-11, 19-29; Ex. 4.

Defendants have the necessary minimum contacts in the forum state, as they purposely availed themselves of the privilege of doing business by investing in real property in Hawai'i, the instant dispute concerns that property, and the Court finds that the exercise of personal jurisdiction here is reasonable.    *See Menken v. Emm*, 503 F.3d 1050, 1057-58 (9th Cir. 2007) (discussing the three prongs of personal jurisdiction analysis: (1) purposeful availment and direction; (2) forum-related conduct; and (3) reasonableness).

## III.    Venue

The Court next turns to Defendants' arguments that venue is not proper in the District of Hawai'i.

A.   **Dismissal**

Venue is governed by 28 U.S.C. § 1391(a), which provides that a

diversity action may be brought only in:

> (1)   a judicial district where any defendant resides, if all
> defendants reside in the same State,
>
> (2)   a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the
> action is situated, or
>
> (3)   a judicial district in which any defendant is subject to
> personal jurisdiction at the time the action is
> commenced, if there is no district in which the action
> may otherwise be brought.

Because paragraphs one and three of § 1391(a) do not apply to the selection of

Hawai'i, the Court must determine whether "a substantial part of the events or

omissions giving rise to the claim occurred" in, "or a substantial part of property that

is the subject of the action is situated," in Hawai'i under § 1391(a)(2).

> The "substantiality" requirement of § 1391(a)(2) "is
> intended to preserve the element of fairness so that a defendant is
> not haled into a remote district having no real relationship to the
> dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d
> 291, 294 (3rd Cir. 1994). A "substantial part of the events or
> omissions" does not mean, however, that the events in that
> district predominate or that the chosen district is the "best
> venue." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558,
> 563 (8th Cir. 2003); *First of Mich. Corp. v. Bramlet*, 141 F.3d
> 260, 264 (6th Cir. 1998); *see also Mitrano v. Hawes*, 377 F.3d

402, 405 (4th Cir. 2004) (noting that "it is possible for venue to be proper in more than one judicial district").   "Only the events that directly give rise to a claim are relevant.   And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003); *Silver Valley Partners L.L.C. v. De Motte*, 400 F. Supp. 2d 1262, 1269 (W.D. Wash. 2005) (same).

*Duarte v. California Hotel & Casino*, 2009 WL 4668739, at *2 (D. Haw. Dec. 4, 2009).

To determine substantiality, courts examine "the entire sequence of events underlying the claim[s], and focus on the defendants' (rather than the plaintiff's) actions." *Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007) (internal quotation marks and citations omitted); *Jenkins*, 321 F.3d at 1371-72 ("Congress . . . 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'") (quoting *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995)); *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). "[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

In the present matter, the Property that the Guaranty was executed to finance is located in Hawaiʻi.   *See Kukui Gardens Corp. v. Holco Capital Group, Inc.*, 664 F. Supp. 2d 1103, 1121 (D. Haw. 2008) ("The Court agrees that the Accounts, and the money in them, could be considered part of the property that is the subject of dispute.   But the Court finds that the Property in Honolulu, the Mortgage recorded in Hawaii, and the escrow accounts in favor of the title company are a much more significant portion of the property underlying the cause of action.").

Moreover, the events that directly give rise to Plaintiff's claims have the requisite nexus to this jurisdiction, such that a substantial part of the events giving rise to the claim occurred in Hawaiʻi.   The parties entered into the Guaranty because additional capital contributions were necessary to complete development of the Property here.   The Guaranty's provisions relating to reimbursement of one-half of the Unmatched COACC made in connection with the Property's development and construction are significant and material for purposes of determining venue.   Stated another way, but for the construction overruns on the Hawaiʻi Property, Plaintiff and Mr. Jordan would not have entered into the Guaranty to finance the same.   Clearly, a substantial portion of the events giving rise to the dispute specifically concerned the Property in Hawaiʻi.

This is not a case in which the Defendants have been "haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys.*, 36 F.3d at 294. Although Defendants are citizens of California, and Plaintiff is a citizen of Mississippi, the Court has no doubt that venue is proper in this district. Even though venue may also be proper in California, Defendants do not get to choose, *see Ferens v. John Deere Co.*, 494 U.S. 516, 534 (1990) ("the law grants the plaintiff the advantage of choosing the venue in which his action will be tried"). Accordingly, Defendants' motion to dismiss based on improper venue is DENIED.

**B.     Transfer**

Defendants next argue that the matter should be transferred to the Central District of California, pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The purpose of this section is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Hi-Pac, Ltd. v. Avoset Corp.*, 980 F. Supp. 1134, 1139 (D. Haw. 1997) (internal quotation marks and citations omitted). Pursuant to the statute, this Court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones*

*v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotations omitted).   "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."   *Decker Coal Co., v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Court first notes that this matter could have been brought in the Central District of California, where Defendants reside.   The Court next weighs multiple factors to determine whether to transfer venue, including: (1) the plaintiff's choice of forum; (2) the location of where the underlying facts took place; (3) the state that is most familiar with the governing law; (4) the ease of access to sources of proof; (5) availability of compulsory process to compel attendance of unwilling non-party witnesses; (6) the contacts relating to the plaintiff's cause of action in the chosen forum; (7) the respective parties' contacts with the forum; (8) the differences in the costs of litigation in the two forums; and (9) the relative court congestion and time of trial in each forum.   *Jones*, 211 F.3d. at 489-99.   The Court may also consider factors including judicial economy, administrative difficulties, and the interest in having localized controversies decided in the home forum.   *Creative Tech. v. Aztech Sys. PTE*, 61 F.3d 696, 703-04 (9th Cir. 1995).

The Court acknowledges Defendants' view that litigating in this forum is inconvenient for them because they do not work, live, or currently own property in

Hawaiʻi, and do not have any active ties to the Property here.   The Court finds, however, that Defendants have failed to make a strong showing of inconvenience such that transfer of venue would be appropriate in this case.

First, Plaintiff chose to file this action in this forum.   The presumption is not to disrupt Plaintiff's venue choice.   *See Northern Acceptance Trust 1065 v. Gray*, 423 F.2d 653, 655 (9th Cir. 1970) (according "substantial weight to [plaintiff's] choice of forum.").   Second, although the location of the alleged fraudulent conduct by Mrs. Jordan is likely in California, the location of the Property at the heart of the dispute over the Guaranty is in Hawaiʻi.   Third, the Guaranty is governed by Hawaiʻi law, and this forum state is most familiar with the governing law.   Fourth and fifth, Plaintiff and his witnesses would have to travel to either California or Hawaiʻi.   However, access to evidence or unwilling witnesses are not present concerns and are neutral factors.   As to the sixth and seventh factors, and as discussed above, there are ample contacts relating to Plaintiff's cause of action in Hawaiʻi, and all parties have had significant contacts with Hawaiʻi with respect to the development and settlement of disputes related to the Property.   As to the eighth factor, both parties have long-retained counsel in Hawaiʻi who are familiar with the dispute history involving the Property, and if the matter is transferred, they would presumably need to retain replacement counsel.   While it is plausible that the costs

15

of litigating could be lower in the Central District of California, neither party has made a definitive showing of relative costs.   With regard to court congestion and time to trial, the final factor, the evidence weighs in favor of Hawai'i.[2]

With respect to concerns relating to judicial economy, administrative difficulties, and the interest in having localized controversies decided in the home forum, the Court concludes that Defendants have not demonstrated that these factors strongly weigh in favor of transfer.

In light of the weight accorded to Plaintiff's choice of forum, and Defendants' failure to make a strong showing of inconvenience to warrant upsetting Plaintiff's choice of forum, the Court finds that transfer of the instant matter is not in the interest of justice.   *See Decker Coal Co.*, 805 F.2d at 843.   Accordingly, the Court DENIES Defendants' request to transfer venue.

---

[2] *See* "U.S. District Courts – Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending March 31, 2012 and 2013" and "U.S. District Courts – Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2013" available at http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2013.aspx.   The Court takes judicial notice of these statistics produced by the Administrative Office of the U.S. Courts.   *See United States v. Novelli*, 544 F.2d 800, 802 (5th Cir. 1977).

## CONCLUSION

On the basis of the foregoing, the Court hereby DENIES Defendants Bruce Jordan and Kathleen Jordan's Motion to Dismiss for Lack of Jurisdiction, or in the Alternative to Transfer Venue, filed on September 16, 2013.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAIʻI, January 28, 2014.



_____
Derrick K. Watson
United States District Judge

---

Bennett V. York v. Bruce Jordan, et al.; CV 13-00311 DKW/RLP; ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE TO TRANSFER VENUE