IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENNETT V. YORK, | ) | CIVIL NO. 13-00311 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFF BENNETT V. YORK'S |
| | ) | MOTION FOR ATTORNEYS' FEES |
| BRUCE JORDAN; KATHLEEN | ) | |
| JORDAN; DOE DEFENDANTS 1-10. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF BENNETT V. YORK'S MOTION FOR ATTORNEYS' FEES[1]

Before the Court is Plaintiff Bennett V. York's Motion for Attorneys' Fees, filed on December 8, 2014 ("Motion"). ECF No. 66. Defendants filed a Response on December 30, 2014. ECF No. 71. Plaintiff filed his Reply on January 13, 2015. ECF No. 72. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 54.3(f) of the Local Rules of Practice for the United States District Court for the District of Hawaii. See ECF No. 67. After careful consideration of the Motion, the supporting memorandum, declaration, and exhibits attached thereto, Defendants' Response, and the record established in this action, the Court FINDS AND RECOMMENDS that

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Pursuant to the district court's Order Granting Plaintiff's Motions for Summary Judgment on (1) Count 1 of the First Amended Complaint as to Defendant Bruce Jordan and (2) Defendants' Amended Counterclaims and the parties' Stipulation of Dismissal as to Counts II and III of the First Amended Complaint, judgment was entered in favor of Plaintiff and against Defendants on November 25, 2014.  ECF No. 60.  In granting Plaintiff's Motion for Summary Judgment on his breach of guaranty claim, the district court found that Defendant Bruce Jordan is obligated to pay Plaintiff $798,260.30 pursuant to a personal reimbursement guaranty.  ECF No. 56 at 34.  Thereafter, the parties stipulated to dismissal of the remaining two claims against Defendant Kathleen Jordan.  ECF No. 58.  The Clerk of Court filed an Amended Judgment in favor of Plaintiff on November 25, 2014.  See ECF No. 60.  The present Motion followed.

ANALYSIS

In diversity cases, the Court must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr

Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)).

Here, Plaintiff seeks an award of fees under Hawaii Revised Statutes Section 607-14. Section 607-14 provides that attorneys' fees shall be awarded "in all actions in the nature of assumpsit." Haw. Rev. Stat. § 607-14. Section 607-14 also provides that such fees shall "not exceed twenty-five per cent of the judgment." Haw. Rev. Stat. § 607-14. To award attorneys' fees under Section 607-14, the court must determine whether: (A) the action is in the nature of assumpsit; (B) Plaintiff is the prevailing party; (C) the fees requested are reasonable; and (D) the fees do not exceed twenty-five percent of the judgment.

### A. Action in the Nature of Assumpsit

Plaintiff asserts that this action is in the nature of assumpsit because it is an action to enforce Defendant's personal guarantee. ECF No. 66-1 at 5-6. Defendants do not dispute that this is an action in the nature of assumpsit. Accordingly, Plaintiff is eligible for an award of attorneys' fees under Section 607-14.

### B. Prevailing Party Status

Plaintiff prevailed on his Motion for Summary Judgment and Judgment was entered in his favor. See ECF Nos. 56, 60. Because any dismissal that results in judgment is sufficient to support an award for attorneys' fees under Hawaii law, see Kona

Enters., 229 F.3d at 883, the Court concludes that Plaintiff is the "prevailing party" for purposes of Section 607-14. See also Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) ("a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14.").

**C. Reasonable Attorneys' Fees and Costs**

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006). Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. See id. 505-06. In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community. See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000). Plaintiff requests the following attorneys' fees for work performed by his counsel:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| James C. McWhinnie, Esq. | 95.4 | $250.00 | $23,850.00 |
| Mark M. Murakami, Esq. | 93.9 | $200.00 | $18,780.00 |
| Matthew T. Evans, Esq. | 222.5 | $140.00 | $31,150.00 |

| | | | |
|---|---:|---:|---:|
| Bonnie Sin, paralegal | 53.1 | $140.00 | $7,434.00 |
| TOTAL | | | $81,214.00 |

See ECF No. at 66-2 ¶ 9; Decl. of James C. McWhinnie submitted in support of Mot. ("McWhinnie Decl."). Plaintiff also requests an additional $4,000.00 in attorneys' fees that Plaintiff estimates he will incur in relation to the present Motion. Id. ¶ 10.

### 1. Reasonable Hourly Rate

Hawaii courts consider the reasonable hourly rate in a manner similar to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate. See, e.g., Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009). The Court finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case. In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is

5

reasonable. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and counsel's submissions, this Court finds that all of the requested rates are reasonable, except for the $140 per hour rate requested for Ms. Sin, paralegal. The Court finds that the rate request for Ms. Sin is excessive, especially in light of the fact that Plaintiff requests the same rate for Mr. Evans. Defendants argue that courts in this district have typically awarded a rate of $85 per hour for paralegals. ECF No. 71 at 4-5. Given Ms. Sin's level of experience and the underlying nature of this litigation, the Court finds that a reasonable hourly rate for Ms. Sin is $90.

**2. Hours Reasonably Expended**

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case. Plaintiff bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred).

### a. Block Billing

The Court finds that the hours requested by Plaintiff should be reduced because many of the hours were block billed. Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task." Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty percent). Courts may reduce the hours that are billed in block format. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). The court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." Id. (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)).

Here, the Court has carefully reviewed the time entries provided by Plaintiff's counsel and finds that 113.5 hours were block billed. The Court rejects Plaintiff's argument that there "are but a handful of examples" of block billing. ECF No. 72 at 12. Because the block billing prevents the Court from determining the reasonableness of the hours worked, Plaintiff has failed to show that these hours were necessarily and reasonably incurred. Accordingly, the Court reduces all of the block-billed

hours by twenty percent. The Court deducts 2.8 hours from Ms. Sin's time[2]; 8.2 hours from Mr. Evans' time[3]; 9.0 hours from Mr. Murakami's time[4]; and 2.8 hours from Mr. McWhinnie's time[5]. Because of the significant amount of time that was block billed by Plaintiff's counsel, the Court finds that this twenty percent reduction to the specific entries at issue fairly balances those hours that were block billed. See <u>Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, CIV. No. 09-00429 ACK-KSC, 2012 WL 2529298, at *3 (D. Haw. June 28, 2012) (reducing block billed time by twenty percent).

### b. Overly Redacted Entries

Defendant argues that many of counsel's time entries are overly redacted and do not allow the Court to determine the reasonableness of the fees requested. ECF No. 71 at 8-9. The

---

[2] Ms. Sin block billed a total of 14.0 hours on 10/24/12, 10/25/12, and 5/22/14. See ECF No. 66-4 at 1-2, 38.

[3] Mr. Evans block billed time a total of 40.8 hours on 10/24/12, 10/25/12, 5/23/13, 6/21/13, 10/15/13, 10/18/13, 10/23/13, 10/24/13, 10/25/13, 4/3/14, 4/4/14, 4/7/14, 4/9/14, 4/25/14, and 4/28/14. Id. at 1-34.

[4] Mr. Murakami block billed time a total of 44.8 hours on 6/25/13, 7/10/13, 9/4/13, 10/14/13, 10/15/13, 10/21/13, 10/28/13, 2/13/14, 3/7/14, 3/20/14, 4/4/14, 4/7/14, 4/25/14, 5/5/14, 5/6/14, 5/28/14, 7/9/14, 7/10/14, 7/11/14, 7/30/14, 8/26/14, 8/27/14, 8/29/14, and 9/5/14. Id. at 5-55.

[5] Mr. McWhinnie block billed a total of 13.9 hours on 6/24/13, 7/12/13, 10/1/13, 10/10/13, 10/16/13, 10/25/13, 10/28/13, 11/4/13, 12/5/13, 2/3/14, 2/18/14, 3/6/14, 4/7/14, and 5/27/14. Id. at 5-39.

Court agrees.  Pursuant to Local Rule 54.3(d)(2), "[i]f the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly."  LR 54.3(d)(2).  The Court has carefully reviewed the time entries provided by Plaintiff's counsel and finds that many entries are too heavily redacted for the Court to determine the reasonableness of the fees requested.  For example, many of the entries for telephone conferences and correspondence are redacted so that there is no indication of the subject of the communication.  Plaintiff argues that the redactions were necessary to prevent disclosure of attorney-client privilege or work product material.  ECF No. 72 at 11-12.  However, Plaintiff's counsel could have included, as they did in other entries, more information about the work performed without divulging attorney-client privilege or work product material.  See World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1285 (D. Haw. 2008) (rejecting argument that time entry redactions were necessary to prevent disclosure of privileged information where counsel could have disclosed general subject matter versus specific points of discussion).  Accordingly, the Court finds that Plaintiff has failed to carry his burden to demonstrate that these hours were necessarily and reasonably incurred and finds that the following deductions are appropriate.  For the entries that were also block billed, the Court reduces those hours by

9

additional twenty percent: the Court deducts 0.5 hours from Ms. Sin's time[6] and 0.2 hours from Mr. McWhinnie's time[7]. For all other entries at issue, the Court makes the following deductions for over-redaction: 2.0 hours from Ms. Sin's time[8]; 0.5 hours from Mr. Evans' time[9]; 3.0 hours from Mr. Murakami's time[10]; and 11.0 hours from Mr. McWhinnie's time[11].

### c. Duplicate Billing

The Court finds that the hours requested by Plaintiff should be reduced for conferences, meetings, discussions, and other communications, for which multiple attorneys billed. Generally, two professionals cannot bill for attending the same meeting. See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D.

---

[6] Ms. Sin's overly redacted block-billed entry was on 5/22/14. See ECF No. 66-4 at 38.

[7] Mr. McWhinnie's overly redacted block-billed entries were on 2/3/14 and 4/7/14. Id. at 23, 33.

[8] Ms. Sin's overly redacted entries were on 3/18/14, 3/19/14, 3/21/14, 3/24/14, 3/28/14, 4/4/14, 8/4/14, 9/22/14, 9/23/14, and 9/30/14. Id. at 28-33, 48, 59.

[9] Mr. Evans' overly redacted entries were on 10/10/13, 10/25/13, 4/10/14, and 4/18/14. Id. at 13-14, 34.

[10] Mr. Murakami's overly redacted entries were on 10/19/12, 7/12/13, 1/20/14, 3/5/14, 4/14/14, 8/13/14, 8/14/14, 8/20/14. Id. at 1, 7, 21, 27, 34, 48-49.

[11] Mr. McWhinnie's overly redacted entries were on 2/3/14, 2/19/14, 4/4/14, 4/7/14, 4/10/14, 4/18/14, 4/24/14, 5/5/14, 5/6/14, 5/16/14, 7/31/14, 8/4/14, 8/13/14, 8/14/14, 8/20/14, 8/21/14, 8/25/14, 8/27/14, 8/28/14, 9/2/14, 9/10/14, 9/22/14, 10/6/14, 10/24/14, 10/29/14, and 10/31/14. Id. at 23-38, 46-56, 59-65.

Haw. 2010) (citing <u>Brandon E. v. Dep't of Educ.</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)). Accordingly, "when a party's counsel meet with one other, the Court deducts the duplicative time billed." <u>Id.</u> For those time entries where the Court is able to determine the specific amount of duplicative time spent by the billing attorneys or paralegal, the Court will deduct the time for the lower-billing attorney or paralegal. The Court deducts 0.9 hours from Ms. Sin's time[12], 4.3 hours from Mr. Evans' time[13]; and 0.3 hours from Mr. Murakami's time[14]. Three of Ms. Sin's duplicative time entries were also block billed, and therefore the Court is unable to determine the specific amount of time spent on the duplicate conferences. For those entries the Court deducts an additional twenty percent, or 2.2 hours, from Ms. Sin's time[15].

---

[12] Ms. Sin's duplicative time entries were for conferences with Mr. Evans on 5/22/13 and 5/28/14. <u>See</u> ECF No. 66-4 at 3, 39.

[13] Mr. Evans' duplicative time entries were for conferences with Mr. McWhinnie 10/1/13, 4/25/14, 7/9/14, 7/10/14, 7/25/14, 9/9/14, 9/16/14, 9/18/14, 10/17/14, 10/24/14, 10/29/14, and 10/30/14, a conference with Mr. McWhinnie and Mr. Murakami on 11/4/13, and a conference with Mr. Murakami and a client on 7/11/14. <u>Id.</u> at 13, 17, 34, 42-45, 56-58, 62-65.

[14] Mr. Murakami's duplicative time entry was for a conference with Mr. McWhinnie and Mr. Evans on 11/4/13. <u>Id.</u> at 17.

[15] Ms. Sin's duplicative block-billed time entries were for conferences with Mr. Evans on 10/24/12, 10/25/12, and 5/22/14. <u>Id.</u> at 1-2, 38.

#### d. Legal Research

Pursuant to Local Rule 54.3(d)(2) "entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary." LR 54.3(d)(2). Here, there are several entries where Plaintiff's counsel failed to identify the issue researched. Accordingly, the Court deducts 3.3 hours from Mr. Evans' time[16]; 4.6 hours from Mr. Murakami's time[17]; and 0.4 hours from Mr. McWhinnie's time[18]. Several of the time entries at issue were also block billed, and therefore the Court is unable to determine the specific amount of time spent by the billing attorneys on the legal research. For those entries the Court deducts an additional twenty percent: 3.6 hours of Mr. Evans' time[19] and 0.2 hours of Mr. McWhinnie's time[20].

#### e. Unspecified Telephone Conferences

Pursuant to Local Rule 54.3(d)(2), time entries for

---

[16] Mr Evans' unspecified legal research entries were on 9/4/13 and 10/22/13. See ECF No. 66-4 at 10, 15.

[17] Mr. Murakami's unspecified legal research entry was on 2/12/14. Id. at 23.

[18] Mr. McWhinnie's unspecified legal research entry was on 3/12/14. Id. at 28.

[19] Mr. Evans' unspecified legal research block-billed entries were on 10/23/13, 10/24/13, and 10/25/13. Id. at 15.

[20] Mr. McWhinnie's unspecified legal research block-billed entries were on 7/12/13 and 2/3/14. Id. at 7, 23.

12

telephone conferences must include an identification of all participants and the reason for the call. LR 54.3(4)(2). Several of Mr. McWhinnie's time entries do not include this required information. Accordingly, the Court deducts 1.6 hours of Mr. McWhinnie's time[21].

### f. Clerical tasks

Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate. Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Communications with the court and reviewing notices regarding hearings and deadlines are clerical and not compensable. See, e.g., Nicholas M. ex rel. Laura M. v. Dep't of Educ., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010). Additionally, communicating with court staff is likewise deemed clerical in nature and is not compensable. See Synagro Techn., Inc. v. GMP Haw., Inc., Civ. No. 04-00509 SPK/LEK, 2007 WL 851271, at *12, (D. Haw. Mar. 15, 2007). The Court has carefully reviewed counsel's time entries and finds that the following deductions are appropriate for clerical tasks: 0.4 hours of Ms. Sin's

---

[21] Mr. McWhinnie's unspecified telephone conference entries were on 7/10/14, 7/11/14, 7/25/14, 9/5/14, and 10/30/14. Id. at 43, 55, 65.

13

time[22]; 2.2 hours of Mr. Evans' time[23]; 0.5 hours of Mr. Murakami's time[24]; and 4.6 hours of Mr. McWhinnie's time[25]. One of the time entries at issue was also block billed, and therefore the Court is unable to determine the specific amount of time spent communicating with court personnel and instead deducts an additional twenty percent from that entry, or 0.2 hours of Mr. Murakami's time[26].

### g. Excessive Time

Defendants argue that the time requested for counsel's investigative work, pleadings, and motions practice is excessive. ECF No. 71 at 6-7. Plaintiff contends that the time requested reflects counsel's work on the variety of unsuccessful counterclaims asserted by Defendants, multiple required filings, and three dispositive motions. ECF No. 72 at 7-8. The Court has reviewed in detail the time entries provided by Plaintiff's

---

[22] Ms. Sin's clerical task entries were on 9/4/14 and 9/30/14. See ECF No. 66-4 at 55, 59.

[23] Mr. Evans' clerical task entries were on 6/24/13, 9/13/13, 11/13/13, 5/29/14, 7/3/14, 7/14/14, 8/29/14, 9/4/14, 9/19/14, and 10/17/14. Id. at 11, 17, 39, 52, 54, 58, 62.

[24] Mr. Murakami's clerical task entries were on 11/13/13 and 7/17/14. Id. at 14, 17.

[25] Mr. McWhinnie's clerical task entries were on 5/29/14, 7/17/14, 7/25/14, 8/29/14, 9/4/14, 9/5/14, 9/9/14, 9/23/14, 10/1/14, 10/17/14, 10/24/14, 11/10/14, 11/12/14, 11/13/13, 11/19/14, and 11/25/14. Id. at 17, 44-69.

[26] Mr. Murakami's clerical task entry that was also block billed was on 8/26/14. Id. at 50.

counsel and finds that the remaining hours requested by Plaintiff's counsel are reasonable.

### 3. Total Lodestar Calculation

Based on the foregoing, the Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| James C. McWhinnie, Esq. | 74.6[27] | $250.00 | $18,650.00 |
| Mark M. Murakami, Esq. | 76.3[28] | $200.00 | $15,260.00 |
| Matthew T. Evans, Esq. | 200.4[29] | $140.00 | $28,056.00 |
| Bonnie Sin, paralegal | 44.3[30] | $90.00 | $3,987.00 |
| SUBTOTAL | | | $65,953.00 |

---

[27] 95.4 hours requested - 2.8 hours for block billing - 11.0 hours for overly redacted time - 0.2 hours for overly redacted time that was also block billed - 0.4 hours for unspecified research - 0.2 hours for unspecified research that was also block billed - 1.6 hours for unspecified telephone conferences - 4.6 hours for clerical tasks = 74.6 hours.

[28] 93.9 hours requested - 9.0 hours for block billing - 3.0 hours for overly redacted time - 0.3 hours for duplicative time - 4.6 hours for unspecified research - 0.5 hours for clerical tasks - 0.2 hours for clerical tasks that were also block billed = 76.3 hours.

[29] 222.5 hours requested - 8.2 hours for block billing - 0.5 hours for overly redacted time - 4.3 hours for duplicative time - 3.3 hours for unspecified research - 3.6 hours for unspecified research that was also block billed - 2.2 hours for clerical tasks = 200.4 hours.

[30] 53.1 hours requested - 2.8 hours for block billing - 0.5 hours for overly redacted time that was also block billed - 2.0 hours for overly redacted time - 0.9 hours for duplicative time - 2.2 hours for duplicative times that was also block billed - 0.4 hours for clerical tasks = 44.3 hours.

| General Excise Tax | | 4.712% | $3,107.71 |
|---|---|---|---|
| | TOTAL | | $69,060.71 |

Additionally, Plaintiff requests that the Court award $4,000.00 in anticipated legal fees for drafting the present Motion and Reply. Defendants do not object to this request. Accordingly, the Court finds that $4,000.00 in fees for drafting the present Motion and Reply are reasonable. In total, the Court recommends that Plaintiff be awarded $73,060.71 in attorneys' fees.

### D . Twenty-Five Percent Limitation

Section 607-14 limits the award of attorneys' fees to twenty-five percent of the judgment. Haw. Rev. Stat. § 607-14. The Court found that Mr. Jordan was obligated to pay Plaintiff $798,260.30 pursuant to the guaranty. ECF No. 56 at 34. The attorneys' fees that this Court recommends be awarded are well within the twenty-five percent limitation.

### E. Post-Judgment Interest

Plaintiff's Motion also requests an award of post-judgment interest on the judgment amount. ECF No. 66-1 at 13. Defendants do not address this request in their Response. See ECF No. 71. The interest rate for post-judgment interest is governed by 28 U.S.C. § 1961(a). According to Plaintiff, the applicable rate is 14% per annum. ECF No. 66-1 at 13. Accordingly, the Court RECOMMENDS that Plaintiff be awarded post-judgment interest at the rate of 14% per annum.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff Bennett V. York's Motion for Attorneys' Fees be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that Plaintiff be awarded $73,060.71 in attorneys' fees and RECOMMENDS that Plaintiff be awarded post-judgment interest at the rate of 14% per annum.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 30, 2015.

Richard L. Puglisi
United States Magistrate Judge

**YORK V. JORDAN, ET AL.; CIVIL NO. 13-00311 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF BENNETT V. YORK'S MOTION FOR ATTORNEYS' FEES**